**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 09-0064** |
| **VERSUS** | **JUDGE DOHERTY** |
| **JONATHAN WINTERS (01)**<br>**PERRY LADAY (02)**<br>**CHAD ZENO (06)** | **MAGISTRATE JUDGE METHVIN** |

### *REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS*
### *(Rec. Docs. 126, 155)[1]*

Before the court is a motion to suppress filed by defendant Chad Zeno. The motion is

opposed.

### *Background and Argument of Parties*

In his motion, Zeno asks the court to suppress "any and all evidence including statements

obtained in violation of Mr. Zeno's constitutional rights" and asks for an evidentiary hearing on

the motion. [2] Zeno does not specify which statements are sought to be suppressed, but does

specify the physical evidence sought to be suppressed is a baby bottle of codeine and four-

thousand seventy ($4,070.00) dollars, plus an additional fifty-six ($56.00) dollars, which were

seized from a vehicle.[3] There are no material facts in dispute, and therefore no evidentiary

hearing on the motion is necessary.

---

[1]Defendant Perry Laday (02), adopted defendant Chad Zeno (06)'s motions filed in this case, which included the motion to suppress. However, Laday was not involved in the events relevant to the motion to suppress, and the adoption of this motion by Laday appears to have been an administrative error. Therefore, the court will deny Laday's motion without analysis, and throughout this report, the motion to suppress and defendant will be referred to in the singular.

[2]*Motion to Suppress on Behalf of Chad Zeno* (Rec. Doc. 126), p. 1, 3.

[3]*Memorandum in Support of Motion to Suppress* (Rec. Doc. 126-2), p. 2, 4.

In the motion, defendant recites the following sequence of events, which for the most part are not factually disputed by the government for purposes of this motion. On April 1, 2009, defendant was standing in the road, near the driver's window of a vehicle. When Lafayette Police Department Officers Richard and Oakes approached, the vehicle pulled away. The officers approached Zeno, and Officer Richard asked Zeno to come toward him. "[Officer] Richard claims that as Chad was approaching him he saw Chad throw a red plastic cup to the ground, and saw something fall along with the cup. . . a clear plastic bag containing suspected marijuana."[4] Officer Richard conducted a weapons pat down search of Zeno, and handcuffed him. The suspected marijuana was retrieved, and Zeno was issued a misdeameanor summons for possession of marijuana.

Officer Richard asked Zeno for consent to search "that vehicle on the street, a Mercury Marauder."[5] Zeno refused, and told him the car belonged to his sister, he had not driven the car that day, and his sister had left the area on foot. Officer Richard ran a computer check on the car's license plate, and it came back as registered to Zeno's sister, Shamika. Zeno was released from the scene at 8:45 p.m., and the vehicle remained there.

Officer Judice was called and arrived on the scene with his K-9, who allegedly alerted on the vehicle. The officers searched the car, and found under the driver's seat the baby bottle containing codeine and the cash monies sought to be suppressed.

Defendant argues the vehicle was searched without a warrant in violation of his constitutional rights. He argues none of the exceptions for a warrantless search of a vehicle are

---

[4] *Memorandum in Support of Motion to Supress* (Rec. Doc. 126-2), p.2.

[5] *Ibid.*

applicable, and that even if the K-9 alert created probable cause, the car was parked, so there were no exigent circumstance and a warrant should have been obtained.

In opposition, the government argues the search was authorized under the automobile exception to the warrant requirement, citing California v. Carney, 471 U.S. 386 (1985).

### *Discussion and Analysis*

Where probable cause exists, the "automobile exception" allows searches without a warrant, both because the inherent mobility of vehicles often creates exigent circumstances which make obtaining a warrant impractical, and because of the reduced expectation of privacy due to the "configuration, use, and regulation of automobiles." Ark. v. Sanders, 442 U.S 753, 761 (1979), *overruled on other grounds*, Cal. v. Acevedo, 500 U.S. 565 (1991). *See also*, Carroll v. United States, 267 U.S. 132 (1925).

The court need not determine the applicability of the automobile exception in this case, however, because defendant lacks standing to raise a Fourth Amendment claim as to the search of the automobile.

The Fifth Circuit recognizes the two-pronged test established by the Supreme Court for determining whether a defendant has standing to bring a Fourth Amendment challenge to an allegedly illegal search. United States v. Riazco, 91 F.3d 752, 754 (5th Cir.1996). The inquiry depends on: (1) whether the defendant is able to establish an actual, subjective expectation of privacy with respect to the place being searched or items being seized; and, (2) whether that expectation of privacy is one which society would recognize as objectively reasonable. Riazco, 91 F.3d at 754.  "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property

has not had any of his Fourth Amendment rights infringed." Id. (quoting Alderman v. United States, 394 U.S. 165, 174, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969)).

In his motion, Zeno stated the car belonged to his sister, she had been driving it, he had not driven it that day, and she had left the car and the area on foot. Defendant's motion further states that when the officers ran the license plate of the vehicle, the car came back registered to Zeno's sister, Shamika.

The evidence sought to be suppressed was secured by the search of a third person's vehicle, Zeno's sister, Shamika, and Zeno had not driven the vehicle that day by his own statement. Thus, Zeno has not had any of his Fourth Amendment rights infringed by the officers' search of his sister's car.

As the proponent of a motion to suppress, the defendant bears the burden of establishing that the search and seizure infringed on his Fourth Amendment rights. United States v. Greer, 939 F.2d 1076, 1092 (5th Cir.1991), cert. denied, 507 U.S. 962, 113 S.Ct. 1390, 122 L.Ed.2d 764 (1993) (citing Rakas, 439 U.S. at 130-131 n. 1). Defendant has not sufficiently carried his burden, and lacks standing to raise a Fourth Amendment challenge of the search of the vehicle and seizure of its contents.

### *Conclusion and Recommendation*

The defendant has no standing to raise a Fourth Amendment challenge to the search of his sister's vehicle, and the seizure of its contents. Therefore, **IT IS RECOMMENDED** that defendants' Motion to Suppress on Behalf of the Defendant, Chad Zeno (Rec. Docs. 126, 155) be **DENIED**.

5

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on September 22, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)